IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                  **CRIMINAL ACTION NO. 3:23-cr-00151**

**MAXIMILLIAN KEATON**

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Maximillian Keaton, by counsel, Eric Anderson, Esq., presents the following Sentencing Memorandum:

**INTRODUCTION**

Defendant, Maximillian Keaton, has accepted responsibility for his actions in this matter. He entered into a timely plea agreement with the United States for his part in the crime.

The current guideline range for Mr. Keaton, who fell into criminal history Category IV and has a total offense level of 13, is 24 to 30 months. While Mr. Keaton broke the law, his personal story of serving our country, and his history of addiction, warrant a downward departure and/or variance. Defendant honorably served our country for approximately 18 months in the United States Air Force from July 1993 to December 1994.

Following his discharge under honorable conditions from the United States Air Force, Mr. Keaton received training in the information technology sector and worked in the computer field intermittently for about 20 years. It is unfortunate that due to his addiction to drugs that he lost a career that he loved.

Defendant's Sentencing Memorandum will explain how despite on its face Mr. Keaton seemed to be a successful military veteran with a secure job in computer and information technology field, he was a suffering addict, who had unfortunately become addicted to pain

medication after being a victim of a serious car accident. While his sentence calls for incarceration, Mr. Keaton respectfully asks this Court to grant him a downward departure and/or variance that allows him to serve a sentence less than the probation officer's recommendation of 24 to 30 months.

## SENTENCING HEARING

The Defendant does not intend to call witnesses at the sentencing hearing, but requests to be heard on the following arguments.

## RELEVANT BACKGROUND

### A. Personal History

Maximillian Keaton grew up in Fairborn, Ohio. He was born into a military family who moved around a lot due to his father, Russell Keaton, being stationed in several different places while serving in the United States Air Force. After first being raised in Ohio, Mr. Keaton and his family relocated in 1976 to Goose Bay, Canada. Two years later, they moved to Cheyenne, Wyoming. Then for about one year in 1979 they moved to Alaska. From 1979 until 1985, Mr. Keaton's family lived in Italy. After his parents separated in 1985, Mr. Keaton and his father relocated to the Wright-Patterson Air Force Base in Ohio. Maximillion Keaton graduated from Beaver Creek Christian Academy in Beaver Creek, Ohio.

Shortly after graduating high school, Mr. Keaton followed in his father's footsteps, and his older brother Davide Keaton's footsteps, and enlisted in the United States Air Force. Mr. Keaton honorably served our country for approximately 18 months in the United States Air Force from July 1993 to December 1994. During that time, he completed basic training at the Lackland Air Force Base in San Antonio, Texas. He then completed Advanced Individual Training (AIT) at the Sheppard Air Force Base in Texas. Soon thereafter, Mr. Keaton was

2

stationed in Dover, Delaware, where his primary specialty was in Aerospace Engineering. During his service with the United States Air Force, Mr. Keaton was awarded the Air Force Training Ribbon, National Defense Services Medal, and the Air Force Outstanding Unit Award. Ultimately, he received a general discharge under honorable conditions.

Following his military service, Mr. Keaton returned to civilian life and was able to obtain a job in the information technology and computer field. From the 2000's until 2008 or 2009, Mr. Keaton was employed by Roll Out Incorporated, which was in the computer technology field. During his employment he worked on the road under different contracts. After his employment concluded with Roll Out Incorporated, Mr. Keaton worked for the PC Doctor for two years. Also, prior to his incarceration, Mr. Keaton worked as a subcontractor where he completed network installations, digital sign installations, and computer swap-outs. Outside of his career in computers, Mr. Keaton also worked as a property and apartment manager for his friend Greg Adkins. However, Mr. Keaton's life forever changed when he was involved in a serious car accident.

Mr. Keaton sustained severe injuries to his back while being involved in a 4-car accident in 2012. Mr. Keaton was a passenger in the vehicle. As a result, a doctor prescribed him Lortabs. Mr. Keaton took the Lortabs as prescribed for several years. However, the doctor discontinued prescribing him Lortabs after there was a nationwide crackdown on doctors prescribing opiates. Consequently, Mr. Keaton started buying pain pills off of the street to ease his back pain. Then from 2015 until about 2020 Mr. Keaton used heroin. Mr. Keaton's heroin use started out small, but his drug addiction grew more severe. By the height of his drug addiction, he was using three to five grams of heroin daily.

Furthermore, 2020 was a tough year for Mr. Keaton. During this time, his mother, Maria Debasio (Nee: Prandini) passed away from heart issues and Covid-19. Mr. Keaton was devastated. After reflecting on his life and knowing that his drug addiction was getting out of control, Mr. Keaton took a major step in trying to address his drug addiction. In 2021 Mr. Keaton voluntarily entered a 30-day inpatient substance abuse treatment program at Prestera. Also, Mr. Keaton enrolled in a Suboxone program through the PROACT alcohol and drug treatment center in Huntington, West Virginia. He was enrolled in the program for approximately one-half months until he was incarcerated. Furthermore, Mr. Keaton successfully completed the Residential Substance Abuse Treatment (RSAT) program when he was previously incarcerated at the West Virginia Penitentiary.

Mr. Keaton has strong ties to the local community. Since 1989 Mr. Keaton has mainly resided with his father here locally at 2464 Collis Avenue in Huntington, West Virginia. As discussed above, he has worked in the local community for years and he plans on returning to live with his father once he completes any sentence that is imposed by this Court.

Mr. Keaton has been diagnosed with diabetes and Hepatitis C. He is required to take daily medication for his diagnoses. Prior to his incarceration, Mr. Keaton helped take care of his father, Russell Keaton, who is 79 years of age and has heart issues and is also a diabetic.

### B. Criminal Conduct

As discussed above, Maximillian Keaton has had a long history of drug addiction. One day his friend Marco reached out to him and asked him to get a gun for him. Mr. Keaton thought that this would help him get more drugs to feed his habit. However, due to Mr. Keaton being a convicted felon, he could not legally buy a gun. As a result, Mr. Keaton asked another one of his friends, Daniel Lee Ferguson, to buy the gun for him so he could transfer the gun to Marco.

Therefore, on February 22, 2023 Mr. Keaton traveled with Daniel Lee Ferguson to Classic Jewelry & Loan in Barboursville, West Virginia and asked Mr. Feguson to buy him a 9mm pistol. Mr. Ferguson completed the ATF For 4473 and he falsely answered that he was the transferee/buyer of the gun listed on the form, when in fact he knew that Mr. Keaton was the buyer of the gun.

## OBJECTIONS

Mr. Keaton objects to the criminal history point assigned to him in paragraph 52 of the Presentence Investigation Report regarding the shoplifting first offense conviction on April 11, 2018. Mr. Keaton argues that a criminal history point should not be allocated to him due to the conviction not being a jailable offense pursuant to West Virginia Code § 61-3A-3(a)(1). The Statute holds that: "When the value of the merchandise is less than or equal to $500, the person is guilty of a misdemeanor and, shall be fined not more than $250."

Mr. Keaton's probation officer argues that the one-point criminal history point is properly applied because shoplifting is not excluded under U.S.S.G. § 4A1.2(c)(1) or § 4A1.2(c). Mr. Keaton's probation officer cites U.S.S.G. § 4A1.2, commentary note 4, "a sentence which specifies a fine or other non-incarcerative disposition as an *alternative* to a term of imprisonment (e.g., $1,000 fine *or* ninety days imprisonment) is treated as a non-imprisonment offense." (emphasis added). However, Mr. Keaton argues that the punishment pursuant to the state statute for shoplifting first offense under $500 is *only a fine* and that incarceration is not an alternative or option pursuant to the plain language of the statute. Therefore, Mr. Keaton argues that the one single criminal history point should not be added to his criminal history calculations.

## SENTENCING

### A. Downward Departure and/or Variance

The total offense level calculated by Mr. Keaton's probation officer is a total offense level of 13 in a criminal history Category IV. However, this Court should sentence Mr. Keaton below the sentencing guidelines because of: (1) his military service and accommodations; (2) his addiction history; and (3) his ability to obtain gainful employment after incarceration. Mr. Keaton asks this Court for more leniency considering his drug addiction began as a result of growing addicted to pain medication due to a serious car accident that was of no fault of his own.

Mr. Keaton acknowledges that he should not have had Mr. Ferguson buy a gun for him knowing that he was not lawfully able to purchase a firearm. Mr. Keaton acknowledges that the weapon he received from Mr. Ferguson could have caused harm to the community. Since his arrest, he took responsibility in a timely fashion. Due to the statement above, Mr. Keaton respectfully asks this Court to grant a downward departure and/or variance and sentence him to less than probation's recommendation of 24 to 30 months.

## LOCATION OF IMPRISONMENT

Mr. Keaton requests for a Bureau Of Prisons assignment at FCI Ashland, or as close to the Huntington, West Virginia area as possible.

## CONCLUSION

For all of the reasons above, the Defendant Maximillian Keaton respectfully requests a downward departure and/or variance from the probation officer's recommended sentence and for any other relief that this Court finds necessary and proper.

Dated: June 9, 2024.

Respectfully submitted,
MXIMILLIAN KEATON
By counsel,


/s/Eric Anderson_____
Eric Anderson, WVSB #11895
GLAZER SAAD ANDERSON L.C.
320 9th Street, Suite B.
Huntington, WV 25701
Phone: 304-522-4149
Fax: 800-879-7248
eric@gsalaw-wv.com

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                                            **CRIMINAL ACTION NO.  3:23-cr-00151**

**MAXIMILLIAN KEATON**

**CERTIFICATE OF SERVICE**

 I, Eric Anderson, Esq., do hereby certify that on June 9, 2024, I electronically filed the foregoing "Defendant's Sentencing Memorandum" with the Court using the CM/ECF system which will send notification of such filing to the below counsel of record:

Joseph F. Adams, Esq.,
Assistant United States Attorney
joe.adams@usdoj.gov

/s/Eric Anderson_____
Eric Anderson, WVSB #11895
GLAZER SAAD ANDERSON L.C.
320 9th Street, Suite B.
Huntington, WV 25701
Phone: 304-522-4149
Fax: 800-879-7248
eric@gsalaw-wv.com